UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CLINT PEDEAUX, et al. | ) | CIVIL ACTION NO. 01-349-B-M3 |
| | ) | |
| Plaintiffs, | ) | JUDGE: POLOZOLA |
| | ) | MAGISTRATE: DALBY |
| vs. | ) | |
| | ) | |
| GEORGIA GULF CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AND ALL CONSOLIDATED CASES | ) | |

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED JUL 1 2 2002
CLERK

## IMPORTANT NOTICE OF ALLOCATION, SETTLEMENT AND FAIRNESS HEARING

This Notice concerns the proposed settlement of a class action lawsuit pending in the United States District Court for the Middle District of Louisiana entitled *Clint Pedeaux, et al v. Georgia Gulf Corporation, And All Consolidated Cases*, Civil Action No. 01-349-B-M3. You are receiving this Notice because you filed a Proof-of-Claim Form with the Court to participate in the settlement of this case and to make a claim for a share of the settlement proceeds.

The purposes of this Notice are: (1) to summarize the prior proceedings in this case; (2) to alert you to changes and clarifications in the procedures in this case that the Court has approved; (3) to notify you of the Special Master's allocation of your share of the settlement proceeds; (4) to notify you of your opportunity to object to the allocation of the settlement proceeds and to the deductions from the settlement fund for attorneys' fees and administrative expenses; and (5) to notify you of the hearing at which the Court will review the settlement and the applications for attorneys' fees and administrative expenses.

### I. SUMMARY OF PRIOR PROCEEDINGS

You and other persons purporting to be Class Members filed proof-of-claim forms with the Court during the period December 11, 2001--January 11, 2002. Approximately 1,047 persons filed proof-of-claim forms.

INITIALS

Upon motion of the parties, the Court entered an Order on February 21, 2002, appointing L. J. Hymel to serve as Special Master in this case for purposes of allocating the settlement fund among those Class Members who filed proof-of-claim forms. In this Order, the Court also appointed Jamie Lindler to serve as Assistant Special Master for the allocation process. Finally, the Court appointed Daniel H. Clavier, Jr. and the accounting firm of Bourgeois Bennett, LLC to serve as the Court-Appointed Disbursing Agent ("CADA") to distribute the settlement proceeds to Class Members receiving a settlement award.

On May 23, 2002, the Court held a status conference to discuss certain changes and clarifications to be made to the procedures in this case. On June 7, 2002, the parties submitted a Joint Report to the Court regarding the proposed changes and clarifications. On June 19, 2002, the parties filed several joint motions to implement these changes. The changes and clarifications are discussed in the next section of this Notice.

The Special Master has now reported to the Court that he has completed the allocation of the settlement fund among the Class Members who filed proof-of-claim forms to participate in the settlement. The Court has ordered that this Notice be distributed to Class Members to inform them of the Special Master's allocations of their respective shares of the settlement fund.

## II. SUMMARY OF CHANGES AND CLARIFICATIONS IN CLASS SETTLEMENT PROCEDURES

This section of the Notice summarizes changes and clarifications to the procedures in this case that were described in the Important Notice of Proposed Class Action Settlement, Notice of Opt-Out Rights, and Notice to Complete Proof-of-Claim Form that was published and mailed to prospective Class Members in November 2001. If you have any questions about these changes and clarifications, you may contact Class Counsel by telephone at (985) 536-1186, or by mail at Office of Class counsel, Post Office Drawer H, Reserve, LA 70084. **DO NOT CONTACT THE COURT.**

A.  **Class Counsel**

At the request of the parties, the Court previously appointed the following attorneys to serve as Class Counsel: Roy F. Amedee, Jr., Esq., Daniel Becnel, Jr., Esq., Darryl Becnel, Esq., Philip Bohrer,

2

Esq., Vincent DeSalvo, Esq., Ralph L. Fletcher, Esq., Hunter V. Greene, Esq., Jack Harris, Esq., Frank Tomeny, III, Esq. and Denise Vinet, Esq.

The Court has since ordered that any attorneys wishing to continue to serve as Class Counsel must file a motion with the Court. Some of the Class Counsel attorneys have filed such motions and the Court has ruled upon those motions.

The following attorneys shall continue to serve as Class Counsel: Daniel Becnel, Jr., Esq., Darryl Becnel, Esq., Philip Bohrer, Esq., Vincent DeSalvo, Esq., Ralph L. Fletcher, Esq., Hunter V. Greene, Esq., Jack Harris, Esq., Frank Tomeny, III, Esq. and Denise Vinet, Esq. The following attorneys previously appointed as Class Counsel did not seek to continue to serve as Class Counsel and shall no longer serve as Class Counsel: Roy F. Amedee, Jr., Esq.

**B.** **Attorneys' Fees**

Previously, the Class Counsel attorneys other than Mr. Amedee had agreed and proposed that they would not seek a fee for any common benefit they conferred on the Class through their representation. Rather, the Class Counsel attorneys other than Mr. Amedee had agreed and proposed that they would be compensated for attorneys fees exclusively through the pre-existing private fee contracts each of them had entered into with members of the Class. The Conditional Settlement Agreement and the Important Notice mailed to prospective Class Members did not expressly state that the Court would review and approve these attorneys fees, although the Court always retained the authority to do so.

The parties also previously had agreed and proposed that Mr. Amedee would file a fee application with the Court to obtain payment for his representation of Class Members who did not have a pre-existing private fee contract with Class Counsel, and that Class Members would have an opportunity to object and to be heard with respect to this fee application.

The parties have agreed and proposed to change this arrangement slightly and to clarify that the Court must approve all fee awards to be paid to any attorney representing a Class Member in this case.

3

The Court has approved these proposed changes and clarifications.

The changes and clarifications are as follows:

1. <u>Class Members With Pre-Existing Private Fee Contracts</u>. All Class Members with a pre-existing private fee contract will pay no more attorneys fees than provided in those contracts. Attorneys seeking fees for work performed on behalf of Class Members with private fee contracts must apply to the Court for payment of those fees with appropriate supporting information. The attorneys applying for such fees will attempt to reach an agreement on a division of the fee approved by the Court with respect to "private representation" work to be paid to contract counsel and "common benefit" work to be paid to Class Counsel who performed that work. If the attorneys are unable to reach such an agreement, these attorneys will ask in their fee application that the Court divide the total fee approved by the Court between "private representation" work to be paid to contract counsel and "common benefit" work to be paid to Class Counsel who performed that work, again with appropriate supporting information. In any event, the total fee approved by the Court will not exceed the fee set forth in the private fee contract, and may be adjusted by the Court after reviewing the fee application and all information submitted in support thereof.

2. <u>Class Members Without Pre-Existing Fee Contracts</u>. With respect to those Class Members who do not have a pre-existing private fee contract with contract counsel, those attorneys serving as Class Counsel will apply to the Court for a fee for services rendered on behalf of those Class Members by the Class Counsel attorneys, as Class Counsel will be the only attorneys representing those individuals. As with the Class Members with contract counsel, the fee application must include supporting information, and final approval of the fee will rest with

the Court. In this fee application, Class Counsel will recommend to the Court that the Court assess attorneys fees as a percentage of the settlement awards to these Class Members in line with the total percentage fee awarded by the Court with respect to those Class Members with contract counsel.

### III. YOUR ALLOCATION OF THE SETTLEMENT PROCEEDS

THE SPECIAL MASTER HAS MADE A DETERMINATION OF THE AMOUNT OF THE SETTLEMENT PROCEEDS THAT YOU WILL RECEIVE FOR YOUR CLAIM. THAT AMOUNT IS SET OUT IN THE LETTER FROM THE SPECIAL MASTER ATTACHED TO THIS NOTICE. NOTE THAT THIS AMOUNT MAY BE INCREASED AT A LATER POINT IN THE CASE IF THERE IS ADDITIONAL MONEY TO DISTRIBUTE TO CLASS MEMBERS. THIS AMOUNT ALSO MAY BE DECREASED IF YOU OWE MONEY TO YOUR ATTORNEY OR TO A THIRD PARTY FOR ITEMS OF EXPENSE OTHER THAN ATTORNEYS FEES (DESCRIBED BELOW IN SECTION B). YOU HAVE A RIGHT TO OBJECT TO THIS ALLOCATION AMOUNT. PLEASE READ THIS SECTION CAREFULLY -- IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR SETTLEMENT AWARD.

This section describes the process by which the Special Master allocated the Settlement Fund among the Class Members who filed a claim for the share of the settlement proceeds.

A. **The Settlement Fund**

The Defendants initially contributed $3,000,000.00 (Three Million Dollars and No Cents) to the Settlement Fund to be distributed to the Class. This Fund has been earning interest income in an escrow account since the money was deposited in November 2001. The total amount of interest income earned by the Settlement Fund will not be known until the funds are paid from the escrow account.

5

B.   **Deductions From the Settlement Fund**

As described in the parties' Conditional Settlement Agreement, certain amounts must be deducted from the Settlement Fund for payment of attorneys' fees and for payment of the Class Settlement Administrative Expenses. The total amount of these fees and expenses will not be known until the Court finally approves these fees and expenses at the end of the case.

In order to allocate the Settlement Fund to the Class Members now, the parties have agreed to set aside some of the Settlement Fund as "reserves." These reserves are an estimate of the maximum amount of money that will be deducted from the Settlement Fund. If any funds are remaining in the reserves after the deductions are actually made, the remaining money in the reserves will be distributed to the Class Members on a pro rata basis. <u>For this reason, you may receive a small amount of money in addition to the amount allocated by the Special Master in the attached letter.</u>

The parties agreed to set aside the following reserves:

1. <u>Attorneys' Fees</u>. The parties have agreed to reserve **$1,200,000.00 (One Million and Two Hundred Thousand Dollars and No Cents)** for attorneys fees, which represents 40% of the $3,000,000 Settlement Fund. The parties have chosen this figure because the proposed attorney fee arrangement in this case is based on the private fee contracts entered into by many of the Class Members (subject to Court approval), and the most common fee provision in those private fee contracts is a 40% contingency fee. The setting of this reserve does not mean that Defendants have made an agreement with Class Counsel regarding the amount of their fees. Further, the setting of this reserve does not affect the Court's power to review all fee payments to attorneys representing Class Members and to make any adjustments to ensure that such payments are reasonable. <u>The setting of this reserve does mean, however, that the total attorney fee award in this case will not exceed $1,200,000.</u>

6

2. <u>Class Settlement Administrative Costs</u>. Paragraph II.G of the parties' Conditional Settlement Agreement defines "Class Settlement Administrative Costs" to include costs for: publication and mailing of notices of the Class Settlement, notary services, the claims administrator, the court-appointed disbursement agent (CADA), computers and computer operators, facility rental, supplies, clerical workers during the proof-of-claim period to process claims, and any costs associated with the Special Master and his designees. These costs are to be paid out of the $3,000,000 Settlement Fund, <u>except</u> that, pursuant to Paragraph V.D of the parties' Conditional Settlement Agreement, Defendants have agreed to pay additional funds to cover 50% of the Class Settlement Administrative Costs, up to a maximum of $150,000.

The parties have agreed to reserve **$200,000 (Two Hundred Thousand Dollars and No Cents)** for Administrative Costs. This estimated figure is based on the amount of expenditures incurred by Class Counsel and their staff in the mediation, notice and proof-of-claim processes; the incurred and future fees, costs and expenses reported by the Special Master and his staff, the Court Appointed Disbursement Agent and his staff, and the Escrow Agent and his staff; and a deduction of the additional $150,000 payment Defendants agreed to make pursuant to Paragraph V.D of the parties' Conditional Settlement Agreement.

The setting of this reserve does not mean that Defendants have made an agreement with Class Counsel regarding the amount of Administrative Costs to be reimbursed to Class Counsel. Further, the setting of this reserve does not affect the Court's power to review all expenses to be reimbursed to Class Counsel and to make any adjustments to ensure that such payments are reasonable.

3. <u>Adjustments</u>. As noted previously, Class Members may make objections to the

7

Special Master's determination of their respective shares of the Settlement Fund. After considering an objection, the Special Master may determine that it is necessary to increase or decrease the amount of that Class Member's share. For this reason, it is necessary to set aside a portion of the Settlement Fund to be used for any such adjustments in Class Members' allocations.

The parties have agreed to reserve **$150,000.00 (One Hundred and Fifty Thousand Dollars and No Cents)** for later adjustments to individual class members' allocations. This figure represents 5% of the $3,000,000 Settlement Fund, which the parties and the Special Master agreed in conference would be an appropriate reserve for adjustments.

The setting of this reserve does not mean that Defendants have made an agreement with Class Counsel regarding the amount of adjustments to be made to Class Members' allocations. Further, the setting of this reserve does not affect the Court's power to review all adjustments to Class Members' allocations and to make any further adjustments to ensure that such payments are fair and reasonable.

Accordingly, the total amount to be reserved from the Settlement Fund is $1,200,000.00 (attorneys' fees) + $200,000.00 (administrative costs) + $150,000.00 (upward adjustments), which equals **$1,550,000 (One Million and Five Hundred and Fifty Thousand Dollars and No Cents)**. This figure represents the <u>maximum</u> amount to be deducted from the Settlement Fund pursuant to the Conditional Settlement Agreement.

C. **Allocation of the Settlement Fund**

Accordingly, the amount to be allocated by the Special Master among the Class Members receiving a distribution is **$1,450,000 (One Million and Four Hundred and Fifty Thousand Dollars**

8

**and No Cents)**. The Special Master divided this amount among all Class Members who timely and properly filed Proof-of-Claim forms with the Court. In making this allocation, the Special Master considered all information provided to him by the parties' attorneys, the Proof-of-Claim forms submitted by the Class Members, and any additional information supplied by the Class Members. The Special Master has determined that some Class Members filing Proof-of-Claim forms were not entitled to an allocation from the Settlement Fund. <u>The amount set forth in the Special Master's letter attached to this Notice is the amount allocated to you in consideration of your claim.</u>

**D.      Increases in Your Allocation Amount**

You may receive an increase in your allocation amount in one of two ways:

1. <u>Remainder From Reserves</u>. As discussed above, if the amount actually deducted from the Settlement Fund for attorneys' fees, Class Settlement Administrative Expenses, and adjustments is less than the amount reserved for those deductions ($1,550,000), then the remainder will be distributed to the Class Members who received a distribution on a pro rata basis. <u>You should not expect a significant increase in your allocation amount from the reserves; the allocation amount listed in this Notice represents most of what you will receive.</u>

2. <u>Adjustments Following Review of An Objection</u>. If you object to the allocation amount set forth in the Special Master's letter attached to this Notice, you have an opportunity to file a formal objection to your allocation and to present to the Special Master any reason why you think you should receive a larger amount. That process is described in the next section in this Notice. In considering your objection, the Special Master may determine that you are entitled to a larger share of the Settlement Fund, in which case your allocation amount will be increased. <u>Note: if you file an objection to your allocation amount, the Special Master will reconsider your entire claim; the Special Master may determine that you are entitled to less than the amount originally allocated,</u>

9

Case 3:01-cv-00349-FJP    Document 78    07/12/02    Page 9 of 14

not more. You will be bound by the Special Master's decision, subject to the Court's approval.

E. **Decreases in Your Allocation Amount**

You may receive a decrease in your allocation amount in one of two ways:

1. <u>Liens and Encumbrances.</u> Paragraph VI.B of the Conditional Settlement Agreement expressly states that the Class Members shall be exclusively liable for liens and encumbrances on any amounts they receive as part of the settlement in this case. That is, if you owe any money to another person for any reason, such as any claims by your attorney for amounts advanced (other than attorneys fees), a health care provider, a governmental authority, an employer, a workers' compensation insurer or any other such lienholder, the amounts you owe will be deducted from your allocation amount.

2. <u>Adjustments Following Review of An Objection.</u> If you object to the allocation amount determined by the Special Master, you have an opportunity to file a formal objection to your allocation and to present to the Special Master any reason why you think you should receive a larger amount. That process is described in the next section in this Notice. If you file an objection to your allocation amount, the Special Master will reconsider your entire claim; the Special Master may determine that you are entitled to less than the amount originally allocated, not more. You will be bound by the Special Master's decision, subject to the Court's approval.

IV. **OBJECTIONS TO YOUR ALLOCATION AMOUNT, ATTORNEYS' FEES AND CLASS SETTLEMENT ADMINISTRATIVE COSTS AND EXPENSES**

If you disagree with the amount allocated to you as your share of the Settlement Fund in this case, you have an opportunity to object and to be heard regarding your objection. Also, if you disagree with the amounts being requested by Class Counsel and/or your private contract attorney for attorneys'

10

fees and/or Class Settlement Administrative Costs, you also have an opportunity to object and to be heard regarding your objection(s). This section sets forth the procedures for making such objections.

A.  Objections to Your Allocation Amount

If you disagree with your allocation amount, you have the opportunity to object to the allocation amount and to be heard regarding your objection.

**In order to object to your allocation amount, you must send your objection in writing to the Special Master no later than August 19, 2002.** Your written objection must state the reasons why you believe you are entitled to an increase in your allocation amount. If you have any documents to support your objection that you did not submit with your Proof-of-Claim Form, you must submit copies of those documents with your written objection. The Special Master will not consider any new documents not provided with your written objection. **Please do not resubmit your claim form or any other documents previously submitted with your claim form. You must also provide a reasonable explanation as to why these new documents were not timely provided, otherwise they may be disregarded.**

Mail your written objection with any documents to the Special Master at the following address:
L. J. Hymel
Special Master
P. O. Box 290
4606 Jones Creek Road, Suite 130
Baton Rouge, Louisiana 70817

**Your objection must contain the following information: Name of the person making the objection, whether the objection is made on behalf of a minor, the objector's social security number, address and telephone number where he or she can be reached. Failure to provide this information shall be considered a basis for a refusal to consider your objection. Your objection to your allocation amount must be postmarked no later than August 19, 2002.**

**The Special Master will hold hearings to consider all properly filed objections to allocation amounts between August 23, 2002, and September 20, 2002.** If you properly file

11

an objection, the Special Master will contact you to schedule a hearing on your objection. You must appear in person at the hearing on your objection and be prepared to give sworn testimony in support of your objection.

**You may request that Class Counsel and/or your private contract attorney assist you in filing a written objection and in presenting your objection at the hearing before the Special Master. If you are considering filing an objection to your allocation amount, or if you have questions about the objection process, you may contact Class Counsel by telephone at (985) 536-1186, or by mail at Office of Class counsel, Post Office Drawer H, Reserve, LA 70084. <u>DO NOT CONTACT THE COURT.</u>**

B. <u>Objections to Attorneys' Fees and Class Settlement Administrative Expenses</u>

If you disagree with the amounts deducted from the Settlement Fund for attorneys' fees and/or for the Class Settlement Administrative Expenses, you have an opportunity to object to either or both of these deductions and to be heard regarding your objection(s).

Please note that the deductions for attorneys' fees and Class Settlement Administrative Expenses described in this Notice are only <u>estimates</u>. The actual amounts deducted for these items may be less than these estimates, but they will not be more than these estimates.

Class Counsel (and your private attorney, if you have one) must file motions to establish the actual amounts of attorneys' fees and Class Settlement Administrative Expenses that will be deducted from the Settlement Fund. These motions must be filed no later than September 9, 2002. The Court will consider these motions at a hearing to be held at the federal courthouse in Baton Rouge on October 9, 2002. The actual amounts to be deducted from the Settlement Fund for attorneys' fees and Class Settlement Administrative Expenses will be determined by the Court.

If you want to file an objection to the deductions for attorneys' fees and/or for Class Settlement Administrative Expenses, you should request from Class Counsel (and from your

private attorney, if you have one) copies of the motions to establish the amounts of attorneys' fees and Class Settlement Administrative Expenses that will be filed. These motions will be available after September 9, 2002. **After you receive these motions, you must file any objections you have in response to these motions no later than September 30, 2002.** You must file your objections by mailing them to the Special Master at the following address:

> L. J. Hymel
> Special Master
> P. O. Box 290
> 4606 Jones Creek Road, Suite 130
> Baton Rouge, Louisiana 70817

The Special Master will transmit these objections to the Court. **Your objections to the motions for attorneys' fees and for Class Settlement Administrative Expenses must be postmarked no later than September 30, 2002. DO NOT CONTACT THE COURT.**

## V. FAIRNESS HEARING

The Court will hold a Fairness Hearing in this case on October 9, 2002, at the federal courthouse in Baton Rouge. One purpose of the Fairness Hearing is for the Court to determine the fairness, adequacy and reasonableness of the proposed settlement to the Class as a whole. To that end, the Court will consider the following documents: (1) a report to be filed by the Special Master concerning the allocation of the Settlement Fund, including the Special Master's resolution of any objections filed by Class Members to their allocation amounts; (2) a report by Class Counsel detailing their efforts to disseminate notice of the proposed settlement in this case to prospective Class Members; and (3) a motion to be filed by the parties for a final order approving the settlement in this case. If the Court determines that the settlement is fair, adequate and reasonable to the Class as a whole, it will enter a final order approving the settlement and will enter a consent judgment to be submitted by the parties.

The other purpose of the Fairness Hearing is for the Court to consider Class Counsel's motion to establish the Class Settlement Administrative Expenses to be deducted from the

Settlement Fund, and all counsel's motions to establish the attorneys' fees to be deducted from the Settlement Fund. The Court will consider any objections filed by Class Members to these motions.

<u>Unless you have filed an objection to the motions for Class Settlement Administrative Expenses or for attorneys' fees, you do not have to attend the Fairness Hearing. Class Counsel will attend the Fairness Hearing on your behalf. No funds will be distributed at the Fairness Hearing. If the Court enters an order and judgment approving the settlement, you will be notified regarding when and where the settlement funds will be disbursed to you.</u>

*DO NOT CALL THE COURT.*

_____
Clerk of Court
United States District Court
Middle District of Louisiana
Russell B. Long Federal Building and
United States Courthouse
Baton Rouge, Louisiana

Filed: July 10, 2002