UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLINT PEDEAUX, et al.<br>　　　　Plaintiffs,<br><br>vs.<br><br>GEORGIA GULF CORPORATION, et al.<br>　　　　Defendants.<br><br>AND ALL CONSOLIDATED CASES | CIVIL ACTION NO. 01-349-B-M3<br><br>JUDGE: POLOZOLA<br>MAGISTRATE JUDGE: DALBY |

## JUDGMENT

Pursuant to the prior Orders of this Court, this Court conducted a hearing on the 9th day of October, 2002 to determine whether the Conditional Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Class. After considering the entire record of this proceeding, including the evidence adduced at the hearing, and the relevant law:

**IT IS ORDERED ADJUDGED AND DECREED** that:

1. The notice provided to all Class Members of this hearing complies with this Court's orders, and the notices throughout this proceeding provided to Class Members, have been sufficient, both as to form and content, to apprise all interested parties, and to afford Class Members an opportunity to object. Such notices thus comply with due process;

2. The Class consists of all persons who claim that they were injured or in any way damaged as a result of chemical exposures they allege occurred while they were present at Georgia Gulf Corporation's Plaquemine, Louisiana plant

DKT. & ENTERED
DATE 12/4/02
NOTICE MAILED TO: [handwritten initials and names]
DATE____ BY____
Case 3:01-cv-00349-FJP Document 97 12/03/02 Page 1 of 7

between September 19, 1996 and November 17, 1996 (defined as the "Worker Class Members"), and (2) "Collaterals" of Worker Class Members, which includes all family members, household members or other persons, or their issue, who claim injury or damage of any sort related to the Worker Class Members' alleged exposure or injuries;

3. The representatives of the Class have fairly and adequately represented all members of the Class and protected the interests of the Class;

4. The Conditional Settlement Agreement was the result of extensive and intensive arms-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation;

5. The Conditional Settlement Agreement is fair and reasonable in light of the complexity, expense and likely duration of the litigation, in light of the risks involved in establishing liability and damages, and in maintaining a class action through trial;

6. The amount of oral and written discovery and independent investigation conducted in this litigation to date, and the factual record compiled, suffices to enable Class Counsel to make an informed decision as to the fairness and adequacy of the proposed Conditional Settlement Agreement;

7. Each and every term and condition of the Conditional Settlement Agreement and the Conditional Settlement Agreement as a whole is approved as proposed and the Conditional Settlement Agreement is made part of this Final Order and Judgment and is to be effective, implemented, and enforced as provided in the Conditional Settlement Agreement;

8. This action was properly certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), in keeping with the guidance of the Supreme Court decision, <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591 (1997), and its progeny;

9. All claims of the Class and the Class Members as set forth in the Conditional Settlement Agreement, under the terms and conditions of the Conditional Settlement Agreement, against Defendants and Released Parties as those terms are defined in the Conditional Settlement Agreement are hereby dismissed, with prejudice, each party to bear its own costs;

10. The Class Action, and all other actions now existing or hereafter brought upon the Released Claims and the Incident as those terms are defined in the Conditional Settlement Agreement by the Class or any Class Member, is and are hereby dismissed, with prejudice and with each party to bear its own costs, insofar as against or affecting the Defendants;

11. All Class Members (including, without limitation, all persons and entities claiming by, through, or on behalf of a Class Member) are hereby finally and permanently barred and enjoined from asserting any and all Released Claims;

12. Any and all third parties are hereby finally and permanently barred and enjoined from commencing and/or prosecuting any and all Claims for Contribution, Indemnity, and/or Subrogation against Defendants, related to or connected in any way with Released Claims of a Class Member;

13. At such time as this Judgment shall become final, and all appeals, if any, are exhausted, all right, title, and interest the Defendants have or may have in the settlement corpus and accrued interest shall terminate and that thereafter,

such settlement funds shall be disbursed for the benefit of the Class as the Court has directed herein and as the Court may hereafter order;

14. The Report and Recommendation of Special Master dated September 25, 2002 (Rec. Doc. 88) is hereby accepted and approved, except as otherwise modified by this Judgment in paragraph 15 herein;

15. Class Counsel's Fee and Cost Application (Rec. Doc. 83) is hereby granted as follows:

   A. Attorneys' fees and expenses incurred by Class Counsel in the total amount of $1,200,000, which represents forty (40%) percent of the gross settlement corpus, together with accrued interest, is hereby approved, as set forth below:

   B. Reimbursement of the following costs incurred by Class Counsel is hereby approved:

**Daniel E. Becnel, Jr.:**

| | | | |
|---|---|---|---|
| i. | Mediation costs | $ | 11,383.82 |
| ii. | Professor Arthur Miller's fee | $ | 14,576.00 |
| iii. | Access 2002 XP Developer Edition computer program utilized at Claims Office | $ | 10,000.00 |
| iv. | Copies | $ | 2,617.50 |
| v. | Personnel to staff Claims Office | $ | 30,612.00 |
| vi. | Faxes, long distance, postage, office supplies | $ | 1,213.00 |
| vii. | Richard Arsenault (ethicist) | $ | 3,500.00 |
| | TOTAL FOR DANIEL E. BECNEL, JR.: | $ | 73,902.32 |

**Bohrer Law Firm, L.L.C.:**

| | | | |
|---|---|---|---|
| i. | Publication of Notice | $ | 3,688.00 |
| ii. | Mediation fee | $ | 937.50 |
| iii. | Faxes, long distance, postage and copies | $ | 354.00 |
| iv. | Personnel to staff Claims Office | $ | 3,440.00 |
| | TOTAL FOR BOHRER LAW FIRM, L.L.C. | $ | 8,419.50 |

**DeSalvo & Harris:**

| | | | |
|---|---|---|---|
| i. | Mediation fee | $ | 4,268.93 |
| ii. | Personnel to staff Claims Office | $ | 4,860.00 |
| | TOTAL FOR DESALVO & HARRIS | $ | 9,128.93 |

**Denise A. Vinet:**

| | | | |
|---|---|---|---|
| i. | Personnel to staff Claims Office | $ | 689.00 |
| | TOTAL FOR DENISE A. VINET: | $ | 689.00 |

**Frank Tomeny:**

No expenses

**Hunter V. Greene:**

No expenses

**Ralph Fletcher:**

No expenses

**TOTAL COSTS:** $ **92,139.75**

C. The above costs shall be paid from the $1,200,000 approved fee and expense described in Paragraph A above, and will therefore reduce the $1,200,000 accordingly. The remaining amount, $1,107,860.25, shall constitute the

approved legal fee;

D. The fees and expenses of the Special Master in the amount of $180,014.92, the CADA in the amount of $61,696.26, and the Mediator Hugh Lambert in the amount of $5,856.91, which total $247,568.09, are hereby approved and shall be paid as follows:

    i. The Cost Fund of $150,000 created by defendants shall be utilized to pay these costs;

    ii. Costs and expenses due and owing the Special Master, the CADA and the Mediator over and above the $150,000 Cost Fund, which is $97,568.09, shall be drawn and payable from the reserve set aside for class administrative expenses, leaving an additional amount of $102,431.91, plus accrued legal interest, for distribution to the Class.

16. Upon finality of this Judgment, within fifteen (15) days:

A. The parties shall file a Joint Motion to Establish Settlement Distribution Protocol;

B. Defendants shall make payment to the Court Appointed Disbursing Agent in the amount of $150,000, representing the Cost Fund;

C. Class counsel are directed to pay all unpaid reasonable and necessary costs and expenses incurred for the prosecution of this action and settlement that were incurred for the benefit of the Class;

17. The Court reserves jurisdiction over the parties to the Conditional Settlement Agreement solely for the purpose of administering, supervising, construing, and enforcing the Conditional Settlement Agreement and this Final Order and Judgment

and supervision the management and disbursement of the funds in the Court Approved Escrow Account, without prejudice to the rights of any party to contest personal jurisdiction for any other purpose; and

18. The Final Order and Judgment shall be immediately appealable.

JUDGMENT RENDERED AND SIGNED in Chambers at Baton Rouge, Louisiana, this __3__ day of December, 2002.

FRANK J. POLOZOLA, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA